**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NYOMI MCDOWELL, | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LLC d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Nyomi McDowell (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Universal Protection Service, LLC d/b/a Allied Universal Security Services (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services is a provider of security services with a location at 7600

Roosevelt Boulevard, Philadelphia, PA 19152 and corporate headquarters located at 161 Washington Street, Suite 600, Conshohocken, PA 19428.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on June 10, 2025, alleging religious discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-06896 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 10, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one year has passed since filing her Charge of Discrimination with respect to her PHRA and PFPO claims. See Vandergrift v. City of Philadelphia, 228 F. Supp. 3d 464, 481-83 (E.D. Pa. 2017) (Kearney, J.) (finding the PFPO administrative exhaustion requirement met, even if the PFPO is not

mentioned in the Charge so long as the Charge of Discrimination was filed (or dual-filed) with the PHRC and as the PFPO claims are based on the same facts with the same core grievance as those filed (or dual-filed) with the PHRC).

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is Muslim.

21. In or around November 2024, Defendant hired Plaintiff in the position of Security Guard.

22. Plaintiff was well qualified for her position and performed well.

23. Defendant assigned Plaintiff to work part-time at its Valmont Towers client work site.

24. Plaintiff worked for Defendant Thursday-Sunday for eight (8) hours shifts throughout her employment.

## PLAINTIFF REQUESTED A REASONABLE RELIGIOUS ACCOMMODATION

25. In or around March 2025, Plaintiff began wearing a Hijab to work during Ramadan.

26. In or around March 2025, Plaintiff texted Jamar Last Name Unknown ("LNU") (non-Muslim), Site Supervisor.

27. Plaintiff asked Jamar if she could have off from work on March 29 through March 30, 2025 for Plaintiff's religious observance of Eid al-Fitr.

28. Jamar responded to Plaintiff's religious accommodation request via text.

## JAMAR NOTIFIED PLAINTIFF SHE HAD BEEN REMOVED FROM HER WORK SITE

29. Jamar simply stated that Plaintiff was being removed from the Valmont Towers site by request of the client.

30. Plaintiff asked for an explanation as to this decision.

31. Jamar stated he did not have an explanation.

## PLAINTIFF CONTACTED UPPER MANAGEMENT REGARDING A REASSIGNMENT

32. Jamar suggested that Plaintiff reach out to upper management if she wanted to be reassigned to a new job site with Defendant.

33. The next day, Plaintiff contacted Nickey Humbert, Operations Manager, via text message.

34. Plaintiff asked to be reassigned to a new job site.

35. Humbert said she would look into it and follow up with Plaintiff.

36. However, Humbert never followed up with Plaintiff.

## HUMBERT INSTRUCTED PLAINTIFF TO REAPPLY FOR ANOTHER JOB SITE THROUGH DEFENDANT'S WEBSITE

37. Therefore, Plaintiff texted Humbert again a few days later.

38. Humbert stated that she did not have any new job site assignments where she could place Plaintiff.

39. Humbert directed Plaintiff to reapply for another job site directly on Defendant's website.

40. Plaintiff did as instructed.

## DEFENDANT REQUESTED PLAINTIFF COVER A SHIFT AT THE VALMONT TOWERS SITE

41. Then, as Plaintiff waited to hear back from a new job site, on or about April 15, 2025, Plaintiff received a notification via Defendant's automated employment portal.

42. The notification requested that Plaintiff cover a shift at the Valmont Towers job site, Plaintiff's original job site.

5

43. Plaintiff texted Jamar and inquired about this, as Plaintiff thought she had been taken off this job site.

44. Jamar responded that if Plaintiff received the message, Jamar did not see why Plaintiff would not be able to work there.

45. This directly contradicted Jamar's text from mid-March 2025, which stated Plaintiff had been removed from the job site by request of the client.

## PLAINTIFF CONFIRMED WITH HUMBERT IF SHE COULD WORK AT VALMONT TOWERS, BUT HUMBERT SAID THAT SHE WAS NOT ALLOWED

46. Plaintiff texted Humbert to confirm she could work this covered shift.

47. However, Humbert responded that Plaintiff was not allowed to work at Valmont Towers.

## HUMBERT MOVED PLAINTIFF TO A NEW JOB SITE FOR ABOUT ONE (1) SHIFT

48. Humbert then moved Plaintiff to a new job site for approximately one (1) shift.

## HUMBERT PLACED PLAINTIFF BACK AT VALMONT TOWERS, BUT WITH SIGNIFICANTLY REDUCED HOURS

49. The next week, Humbert asked Plaintiff via text message to move back to Valmont Towers, but with cut hours, despite allegedly being taken off the work site.

50. Humbert told Plaintiff that Plaintiff could only work at Valmont Towers on Saturdays from 6 am to 2 pm, instead of her usual Thursday through Saturday work week schedule.

51. Humbert significantly decreased Plaintiff's work hours, with no explanation.

## PLAINTIFF WORKED SIGNIFICANTLY REDUCED HOURS UNTIL DEFENDANT OFFERED HER ORIGINAL SCHEDULE BACK TO HER

52. However, Plaintiff accepted the reduced hours to keep her employment, as she relied on the income, until May of 2025 when she was offered her original schedule back.

53. Defendant discriminated against Plaintiff due to her religion, failed to accommodate her, and retaliated against her for requesting a reasonable religious accommodation in violation of Title VII, the PHRA and the PFPO.

54. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RELIGIOUS DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that she is Muslim.

57. Plaintiff was qualified to perform the job for which she was hired.

58. Plaintiff suffered adverse job actions, including, but not limited to termination.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

60. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

61. Defendant discriminated against Plaintiff on the basis of religion.

62. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

63. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

64. Defendant willfully violated, or violated due to gross recklessness, Plaintiff's federal statutorily-protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RELIGIOUS DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. The foregoing conduct by Defendant's constitutes unlawful discrimination against Plaintiff on the basis of her religion (Muslim).

67. As a result of Defendant's unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RELIGIOUS DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. The foregoing conduct by Defendant's constitutes unlawful discrimination against Plaintiff on the basis of her religion (Muslim).

70. As a result of Defendant's unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff engaged in protected activity protected by Title VII when she requested a reasonable religious accommodation.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, significant reduction in hours.

8

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

75. Defendant willfully violated, or violated due to gross recklessness, Plaintiff's federal statutorily-protected rights.

   **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable religious accommodation.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, significant reduction in hours.

79. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. Plaintiff engaged in activity protected by the PFPO when she requested a reasonable religious accommodation.

82. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, significant reduction in hours.

83. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Nyomi McDowell, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the PFPO.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 11, 2026              **By:**   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

11